UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER LEE BATES,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No.  2:23-cv-2056 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on September 17, 2020, alleging that the disability onset date was also September 17.  Administrative Record ("AR") 57.[2]  The application was disapproved

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 10-1 and 10-2 (OCR version).

1

1  initially and on reconsideration.  Id.  On June 21, 2022, ALJ Joseph R. Doyle presided over the
2  telephonic hearing on plaintiff's challenge to the disapprovals.  AR 76 – 103 (transcript).
3  Plaintiff, who appeared with his counsel Brian Mosich, was present at the hearing.  AR 57, 76,
4  217.  James Miller, a Vocational Expert ("VE"), also testified.  AR 94-95.
5      On July 12, 2022, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d)
6  of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 57-70 (decision), 71-75 (exhibit list).  On
7  July 25, 2023, after receiving Exhibits B16E and B17E—two Representative Briefs dated August
8  23 and September 17, 2022—as additional exhibits, the Appeals Council denied plaintiff's
9  request for review.  AR 1-6 (decision and additional exhibit list).  This left the ALJ's decision as
10 the final decision of the Commissioner of Social Security.
11     Plaintiff filed this action on September 22, 2023.  ECF No. 1; see 42 U.S.C. § 405(g).
12 The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 8-9.  The parties'
13 cross-motions for summary judgment, based upon the Administrative Record filed by the
14 Commissioner, have been briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 17
15 (defendant's summary judgment motion).  Plaintiff did not file a reply brief in support of his
16 motion.

17                              II.  FACTUAL BACKGROUND
18     Plaintiff was born on in 1966, and accordingly was, at age 54, a person closely
19 approaching advanced age under the regulations when he filed his application.  AR 22; see 20
20 C.F.R. §§ 404.1563(d), 416.963(c).  Plaintiff has a high school education, has finished three years
21 of college, and can communicate in English.  AR 245, 320.  Plaintiff worked as a material handler
22 from 2000 to 2002, as a supervisor in medical technology from 2004 to 2017, and in supply chain
23 management from 2019 to 2020.  AR 245.

24                                III.  LEGAL STANDARDS
25     The Commissioner's decision that a claimant is not disabled will be upheld "if it is
26 supported by substantial evidence and if the Commissioner applied the correct legal standards."
27 Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the
28 Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity [RFC] make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2021, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 3. The claimant has the following severe impairments: diabetes mellitus and diabetic peripheral neuropathy (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except could only occasionally climb ladders, ropes or scaffolds; could only occasionally climb stairs and ramps; could only occasionally engage in balance on uneven surfaces; and could have only occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles and exposure to unprotected heights.
>
> 6. The claimant is capable of performing past relevant work as a stocker/material handler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2021, the amended alleged onset date, through the date of this decision (20 CFR 404.1520(g)).

AR 60-70.[3]

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 70.

---

[3] The thirteenth page of the ALJ's decision appears before the twelfth in the record.  AR 68-69.

5

VI.  ANALYSIS

A. Overview

Plaintiff alleges that the ALJ erred at step four by finding that he can return to his previous job as a material handler based on how the job was actually performed in the past. ECF No. 13 at 5. Specifically, plaintiff asserts that "[t]he ALJ erred because Bates can only stand and walk for six hours in a workday and the job material handler as performed by Bates required Bates to stand and walk for seven hours a day." Id. Plaintiff argues that instead of remanding the case, the court should reverse the Commissioner's final decision and award benefits as requested. Id. at 7.

A plaintiff may be found not disabled at step four based on a finding that they can perform past relevant work as it was actually performed, or as it is generally performed in the national economy. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). "The claimant has the burden of proving an inability to return to his former type of work and not just to his former job." Villa v. Heckler, 797 F.2d 794, 798 (1986). "The regulations advise an ALJ to first consider past work as actually performed, and then as usually performed." Pinto, 249 F.3d at 845 (citing SSR 96-8P, 1996 WL 374184, at *3). To find that a claimant cannot return to his previous job, an ALJ's findings of fact must include (1) the plaintiff's RFC, (2) the actual functional demands of the past job/occupation, and (3) whether the plaintiff's RFC would permit a return to his or her past job or occupation. Pinto, 249 F.3d at 845.

Here, as explained below, plaintiff has failed to establish that the job of "material handler" as actually performed requires more than six hours of standing in an eight-hour day. Nor does plaintiff establish that his RFC prohibits him from standing more than six hours in an eight-hour day.

B. The ALJ Appropriately Limited Plaintiff to Light Work

Applicable regulations define "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Alternatively, a job involves light work if it "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." Id. A claimant is only "considered capable of performing a full or wide range of light work" if he can

do "substantially all of these activities." Id. The ALJ's fifth finding identifies the plaintiff's RFC as "light work" with additional restrictions. AR 63. He found that the plaintiff can "only occasionally" climb ladders, ropes, scaffold, stairs, and ramps, or balance on uneven surfaces. AR 63. Defendant argues that the plaintiff's motion does not dispute the ALJ's finding as to his RFC. ECF No. 17 at 4.

Plaintiff does not expressly object to the ALJ's limitation of plaintiff to light work. Rather, he seems to imply that a six hour standing restriction was necessarily included in the RFC and that the step four finding is invalid because inconsistent with that restriction. For example, plaintiff argues that the ALJ credited Dr. Ruo, Dr. Samplay, and Dr. Satish Sharma's assertions that the plaintiff could only stand and walk for six hours per day. ECF No. 13 at 5-6; see AR 120, 122, 131, 140, 413. He further argues that the ALJ credited "lower extremity limitations" like "active diabetic neuropathy complicated by lower extremity peripheral neuropathy with balance problems." Id. at 5-6 (citing AR 68). Plaintiff notes that in doing so, the ALJ acknowledged that the plaintiff has used a cane at recent medical appointments. ECF No. 13 at 6 (citing AR 68).

Plaintiff's argument misstates several of the ALJ's findings. Most significantly, the ALJ simply *did not credit* any medical opinion that found plaintiff could stand and walk for only six hours a day. See id. The ALJ discussed the opinions of the named physicians, but expressly rejected them to the extent they found great restrictions than assessed in the RFC. AR 67-69. Dr. Ruo restricted the plaintiff to light work without further restrictions, while Dr. Samplay recommended "adding climbing, stooping, balancing, temperature and hazard limits." Id. Dr. Sharma recommended an RFC of light work with restrictions on stooping and frequent handling. AR 68-69. Plaintiff does not cite to any statements by these doctors expressly finding a six-hour standing and walking maximum, and in any event the ALJ found all three opinions "unpersuasive" as to additional limitations and held that the medical evidence overall was "most consistent with the light residual functional capacity adopted[.]" AR 67-69.[4]

---

[4] Moreover, although the ALJ acknowledged that the plaintiff had "presented with a cane at recent appointments," both his stability and motorpower were "normal[.]" AR 67. The ALJ ultimately held that the use of a cane was not "medically necessary" and noted that medical (continued…)

To the extent that plaintiff challenges the RFC assessment of "light work" with some additional restrictions, he fails to identify error.

C. The ALJ Did Not Err in Finding That Plaintiff's RFC Allows Him to Return to His Prior Work as Actually Performed.

In determining whether a claimant can do past relevant work based on the current RFC, the Commissioner may both ask the claimant about his past work and use a vocational expert to provide necessary evidence. 20 C.F.R. §404.1560(b)(2). The vocational expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." Id. If a vocational expert's hypothetical does not reflect all the claimant's limitations, however, then the "expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (citing DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)).

The ALJ's decision focused on the plaintiff's prior job as a "stocker/material handler". AR 68. It noted that the plaintiff had testified that he had lifted no more than 20 pounds as a lead material handler from 2007 to 2016. AR 68. Based on this testimony, the VE concluded that the plaintiff had actually performed the job "at light." AR 68, 70. The VE further testified, and the ALJ held, that the plaintiff could therefore perform the job "within the parameters of his light residual functional capacity." AR 70.

Plaintiff argues that the ALJ had found that the plaintiff can only stand and walk for six hours a day, whereas he needed to stand and walk for seven hours a day as a job material handler. ECF No. 13 at 5-6 (citing AR 271). Defendant responds that in finding an RFC of "light work," the ALJ never held that the plaintiff was precluded from working a job that required standing or walking for seven hours a day. ECF No. 17 at 5.

The ALJ identified Plaintiff's RFC as "light work" with the caveat that Plaintiff can "only

exams since the disability onset date "generally noted normal motor power[.]"

occasionally" climb ladders, ropes, scaffold, stairs, and ramps, or balance on uneven surfaces. AR 63.  The decision never quantifies how many hours of standing and walking a day this RFC permits.  The definition of "light work" in 20 C.F.R. § 404.1567 only says that a job that "requires a good deal of walking or standing" falls in this category "[e]ven though the weight lifted may be very little[.]"  This mean that a job that does not require frequently lifting "objects weighing up to 10 pounds" can still qualify as light work if it meets the "good deal" minimum threshold, which the Dictionary of Occupational Titles ("DOT") defines as "approximately 6 hours of an 8-hour workday."  See S.S.R. 83-10.  "*Approximately* six hours a day does not mean a *maximum* of six hours a day[.]"  Mitzi D. v. Saul, No. SA CV 18-01065-DFM, 2019 U.S. Dist. LEXIS 228564 at *3, 2019 WL 8112507 at *2 (C.D. Cal. Dec. 13, 2019) (emphasis original).  The DOT does not limit the amount of standing and walking in "light work" to six hours per eight-hour shift.

Plaintiff cites the unpublished order in Talley v. Kijakazi to argue that "light work" is a "term of art in disability law" that inherently includes a limitation of "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  ECF No. 13 at 6 (citing No. 21-55071, 2021 U.S. App. LEXIS 37021 at *2, 2021 WL 5917596 at *1 (9th Cir. Dec. 15, 2021) (quoting Terry v. Saul, 998 F.3d 1010, 1013 (9th Cir. 2021)).)  The question in Talley was whether the ALJ can rely on a vocational expert's testimony based on a hypothetical question, when the hypothetical did not explicitly incorporate the claimant's standing and walking limitation.  2021 U.S. App. LEXIS 37021 at *1-2, 2021 WL 5917596 at *1.  The ALJ did ask the expert to consider the claimant's functional capacity for "light work" as defined in the DOT. 2021 U.S. App. LEXIS 37021 at *2, 2021 WL 5917596 at *1.  The court held that the expert would have understood that "light work" included the limitation on standing or walking for "approximately" six hours.  Id.  This holding does not change the definition of "light work" or impose a limit to the number of hours spent standing or walking.

Plaintiff failed to demonstrate both that he was limited to six hours of standing or walking, and that a "light work" limitation eliminates a job requiring seven hours of standing or walking. He therefore fails to show that the ALJ erred in concluding he could perform past relevant work

as material handler, as actually performed, due to his "light work" RFC.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is GRANTED;

3. This Commissioner's final decision in this matter is AFFIRMED; and

4. The Clerk of the Court shall enter judgment for the defendant and close this case.

DATED: January 10, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE